IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ELYSE S. POLSTON,**  6:17-CV-00273-BR

       **Plaintiff,**  OPINION AND ORDER

v.

**Commissioner, Social
Security Administration,**

       **Defendant.**

**KATHRYN TASSINARI**
**MARK A. MANNING**
Harder, Wells, Baron, & Manning, P.C.
474 Willamette, Suite, 200
Eugene, OR 97401
(541) 686-1969

       Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1117

**Michael W. Pile**
Acting Regional Chief Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900, M/A 221A
Seattle, WA 98104
(206) 615-3710

       Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Elyse S. Polston seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

Plaintiff filed an application for DIB and SSI on January 29, 2013, alleging a disability onset date of October 1, 2011. Tr. 17.[1] The application was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on June 23, 2015. Tr. 44-85. Plaintiff was represented by an attorney at the hearing. Plaintiff and a vocational expert (VE) testified.

The ALJ issued a decision on July 27, 2015, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 17-30. Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on

---

[1] Citations to the official transcript of record filed by the Commissioner on July 28, 2017, are referred to as "Tr."

December 19, 2016, when the Appeals Council denied Plaintiff's request for review. Tr. 1-4. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## **BACKGROUND**

Plaintiff was born on August 10, 1989, and was 25 years old at the time of the hearing. Tr. 209. Plaintiff completed high school. Tr. 223. Plaintiff previously worked at a call center dialing telephones and performing general work in a kitchen. Tr. 223.

Plaintiff alleges disability due to morbid obesity and lymphedema. Tr. 222.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 20-28

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is

3 - OPINION AND ORDER

ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690). '

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the

record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

**DISABILITY ANALYSIS**

**I.   The Regulatory Sequential Evaluation**

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  *See also* 20 C.F.R. §§ 404.1520, 416.920.  Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(b).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920©).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*, 648

5 - OPINION AND ORDER

F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. §§ 404.1520(e), 416.945(a). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of

6 - OPINION AND ORDER

jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date of October 1, 2011. Tr. 19.

At Step Two the ALJ found Plaintiff has the severe impairments of lymphedema and morbid obesity. Tr. 19. The ALJ found Plaintiff's depressive disorder, hypertension, tachycardia, and sleep apnea are nonsevere impairments. Tr. 20-22.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments during the relevant period did not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 22. The ALJ found during the relevant period Plaintiff had the RFC to perform sedentary work except:

> [S]he would be able to sit more than 6 hours in an 8 hour day, but can stand/walk for 1 hour in an 8 hour day. She can do no climbing of ramps,

>     stairs, ladders and scaffolds, kneeling,
>     crouching, or crawling, but occasional stooping
>     (*i.e.* bending at the waist).  She cannot be
>     exposure [*sic*] to hazards such as unprotected
>     heights.

Tr. 23.

At Step Four the ALJ found Plaintiff did not have any past relevant work.  Tr. 28.

At Step Five the ALJ found Plaintiff could have performed jobs during the relevant period that existed in significant numbers in the national economy such as appointment clerk, telephone surveyor, or routing clerk.  Tr. 29-30.  Accordingly, the ALJ found Plaintiff is not disabled.  Tr. 30.

## DISCUSSION

Plaintiff contends the ALJ erred when he gave little weight to (1) Plaintiff's subjective symptom testimony and (2) the opinion of Plaintiff's treating physician, Justin Montoya, M.D.

**I.  The ALJ did not err when he rejected Plaintiff's subjective symptom testimony.**

Plaintiff alleges the ALJ erred when he failed to provide clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments and she must show the impairment

or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton*, 799 F.2d 1403 (9th Cir. 1986), *aff'd in Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991). The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so. *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). General assertions that the claimant's testimony is not credible are insufficient. *Id*. The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834).

On March 8, 2013, Plaintiff completed an Adult Function Report indicating she experienced difficulty standing, walking, kneeling, and climbing stairs. Tr. 232-40. Specifically, Plaintiff alleged she could walk about three blocks and stand for no more than 20 minutes. Tr. 23. Plaintiff testified she swam two or three times per week, regularly used public transportation, shopped with an assistive cart, and participated in a weekly card game. Tr. 44-84. Plaintiff stated she cooked

9 - OPINION AND ORDER

and performed chores at home, but she spent most of her time sitting at her desk or bed.  Tr. 44-84.

The ALJ gave Plaintiff's subjective symptom testimony little weight.  First, the ALJ doubted Plaintiff's testimony and statements on the Adult Function Report.  Tr. 26.  Plaintiff was fired in October 2011 and alleged a contemporaneous disability onset date.  Tr. 222.  Plaintiff also indicated on her Adult Disability Report that she ceased working for reasons other than her impairments.  Tr. 222.  The fact that a plaintiff left her job for reasons other than a disability can be a clear and convincing reason to doubt that plaintiff's subjective testimony.  *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001).  The Court, therefore, finds on this record that the ALJ did not err when he discounted Plaintiff's subjective testimony.

The ALJ also noted Plaintiff's activities of daily living were inconsistent with her subjective symptom allegations.  *See Garrison v. Colvin*, 759 F.3d 995, 1015-16 (9th Cir. 2014) (inconsistency between a plaintiff's alleged symptoms and her activities of daily living is a legally sufficient reason for the ALJ to doubt the plaintiff's symptom testimony).  Plaintiff testified she swam three or five times each week for up to one hour, walked to the bus stop to take public transportation to and from the pool, spent up to two hours per day preparing meals, walked eight blocks to the library to check her email, walked two

miles from home to her volunteer shifts at a recycling center, and walked to a weekly card game. Tr. 57, 234, 406. The record reflects Plaintiff also regularly used her computer, shopped for groceries, performed household chores, and pursued her hobbies. Tr. 23, 392. Thus, the ALJ concluded Plaintiff engaged in daily activities that indicate Plaintiff can perform sedentary work.

The ALJ further discounted Plaintiff's symptom allegations due to inconsistencies with the medical record. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). Plaintiff testified compression garments adequately control her symptoms of lymphedema, which indicates she is not unduly hindered by her condition. Tr. 24, 25, 70. In fact, even when her lymphedema was unmanaged, Plaintiff did not report any pain in the affected limbs. Tr. 361. After her lymphedema was brought under control, Plaintiff demonstrated normal muscle strength and reported she frequently walked and swam without any pain. Tr. 309, 315, 350, 375. As noted, Plaintiff can walk two miles and swim for nearly an hour, and her medical examinations reflected largely normal physical findings after her treatment began in 2012. Tr. 396, 414. Plaintiff also reported she was "not tired during [the] day" and that a machine adequately controlled her sleep apnea. Tr. 72, 294. The record reflects Plaintiff's depression was also adequately controlled by medication and counseling. Tr. 403-04, 415. Thus, the Court finds the ALJ provided legally sufficient

reasons for discounting Plaintiff's testimony based on the fact that Plaintiff's subjective symptom testimony and other statements are inconsistent with the record.

On this record the Court concludes the ALJ did not err when he discounted Plaintiff's testimony because the ALJ provided clear and convincing reasons supported by substantial evidence in the record for doing so.

**II. The ALJ did not err when he gave little weight to Dr. Montoya's medical opinion.**

Plaintiff asserts the ALJ erred when he gave little weight to Dr. Montoya's April 2014 opinion.

An ALJ may reject a treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). When the medical opinion of a treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it. *Thomas*, 278 F.3d at 957. *See also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1996).

In a medical evaluation completed on April 15, 2014, Dr. Montoya opined Plaintiff suffered from morbid obesity and lymphedema. Tr. 368. Dr. Montoya stated even though Plaintiff's

12 - OPINION AND ORDER

impairments do not require her to lie down or to rest, she requires ten minutes per hour to elevate her legs during the workday.  Tr. 370-71.  Dr. Montoya further opined in a normal workday Plaintiff could stand or walk for less than two hours and sit for about six hours.  Tr. 370.

The ALJ gave Dr. Montoya's opinion little weight on the grounds that it was unsupported by explanatory notes and inconsistent with the record.  Tr. 27.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).  The ALJ specifically rejected Dr. Montoya's statements restricting Plaintiff to standing or walking for less than two hours, to sitting for "about" six hours, and to elevating her legs for ten minutes every hour during the workday.  Tr. 27.

Although the ALJ took issue with the standing and walking restriction assigned by Dr. Montoya, the ALJ accommodated those restrictions in his evaluation of Plaintiff's RFC; *i.e.*, Dr. Montoya opined Plaintiff could stand or walk for less than two hours, and the ALJ included a restriction in his evaluation of Plaintiff's RFC that limits Plaintiff to one hour of standing or walking each day.  Tr. 23, 369-70.

The sitting restriction in the AlJ's assessment of Plaintiff's RFC, however, conflicts with Dr. Montoya's opinion on the surface.  Dr. Montoya opined Plaintiff could sit for "about" six hours during the workday whereas the ALJ found Plaintiff

could sit "more than" six hours during the workday. The ALJ, however, supported his conclusion with Plaintiff's testimony that she spends most of her day sitting at her desk or bed and "stay[s] sitting" after she sits down. Tr. 66-67. The Court finds the ALJ did not err by relying on Plaintiff's assessment of her abilities.

In his opinion Dr. Montoya also asserted Plaintiff required ten minutes per hour to elevate her legs, which the ALJ rejected due to inconsistencies with the medical record. Dr. Montoya, however, managed Plaintiff's lymphedema through compression garments and exercise without any indication in his treatment notes that leg elevation would alleviate her symptoms. Inconsistency between a medical opinion and medical records is a legally sufficient reason to discount the medical opinion. *Tommasetti*, 533 F.3d at 1041. Thus, the ALJ did not err when he discounted Dr. Montoya's opinion because Dr. Montoya's treatment notes do not reflect he instructed Plaintiff to elevate her legs during a non-work day even though he recommended she elevate her legs for ten minutes per hour during a workday. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999) (internal inconsistencies between a physician's notes and opinion are a valid reason to discount the opinion).

The ALJ also gave little weight to Dr. Montoya's opinion because it was conclusory and included little explanation for the

various recommended restrictions.  Dr. Montoya rendered his opinion through a check-the-box questionnaire and did not offer any explanation for his findings.  As noted, the record does not reflect Dr. Montoya recommended Plaintiff elevate her legs to alleviate her symptoms during a non-work day.  As for restrictions related to sitting, standing, or walking, the record indicates Dr. Montoya, in fact, encouraged Plaintiff to engage in more frequent and rigorous exercise and did not limit Plaintiff to less than two hours of movement per day.  In addition, under the medical evaluation section of the questionnaire titled "[d]escribe the patient's symptoms," Dr. Montoya did not include symptoms related to lymphedema of the lower extremities such as discomfort, pain, or difficulty with mobility.  Tr. 368.  Although Plaintiff argues numerous other records support Dr. Montoya's opinion, his treatment notes do not support his opinion nor indicate how he reached his conclusions.  An ALJ may give little weight to a physician's opinion if that opinion is conclusory and unsupported by evidence in the record.  *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).

On this record the Court concludes the ALJ did not err when he gave little weight to portions of Dr. Montoya's opinion because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

## **CONCLUSION**

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 8th day of March, 2018.

/s/ Anna J. Brown

ANNA J. BROWN
United States Senior District Judge